**Sidney J. GIANQUITTI et al.**

v.

**Ernest PETRUCCI et al.**

**No. 82–172–Appeal.**

Supreme Court of Rhode Island.

April 5, 1985.

---

**58**

Charles H. Lonardo, Connors & Kilguss, Providence, for plaintiff.

William C. Maaia, Rumford, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment of the Superior Court authorizing recovery by the plaintiffs from the Real Estate Recovery Fund. We af-

1. The record is not clear in respect to the type of license held by Petrucci, but no question is raised by the commission that he was a licensee as set forth by G.L.1956 (1976 Reenactment) § 5–20.5–5, as amended by P.L.1978, ch. 169, § 2.

firm. The travel and pertinent facts of the case are as follows.

On July 2, 1979, plaintiffs, Sidney J. and Pamela C. Gianquitti, deposited with Ernest Petrucci (Petrucci), also known as Salvadore Petrucci, the sum of $6,000 for the purpose of purchasing a parcel of real estate. At the time Petrucci was a licensed real estate broker or salesman.[1] The transaction was never concluded by a conveyance, and Petrucci never returned plaintiffs' deposit. As a result of this occurrence plaintiffs filed a complaint with the Department of Business Regulation on July 7, 1980, alleging that Petrucci had received this deposit for realty that he did not own and did not have a right to sell.

On February 2, 1981, plaintiffs filed a complaint in the Superior Court for the county of Providence against Ernest Petrucci, doing business as Ernest Realty, and Espo Realty Corporation.[2] Thereafter, a default judgment was entered against Petrucci in the amount of $6,000 plus interest and costs on September 29, 1981. Execution on this judgment was not satisfied. On January 14, 1982, plaintiffs filed a verified claim for relief from the Real Estate Recovery Fund (the fund) pursuant to the provisions of G.L.1956 (1976 Reenactment) § 5–20.5–5, as amended by P.L.1978, ch. 169, § 2. Notice of this complaint was sent to the Real Estate Division of the Department of Business Regulation on January 12, 1982. An attorney entered an appearance on behalf of the Rhode Island Real Estate Commission (the commission), which administers the fund. The commission opposed payment from the fund solely on the basis of an allegedly inadequate notice. The principal issue raised by this appeal is whether notice to the Department of Business Regulation constituted notice to the commission. The trial justice held that it did, and we agree.

2. Espo Realty Corporation filed an answer to this complaint, and ultimately the action was dismissed against this defendant.

The commission was created by virtue of § 5–20.5–12, as amended by P.L.1980, ch. 226, § 14. This section reads in pertinent part as follows:

"(a) Within the department of business regulation there is hereby created the Rhode Island real estate commission, hereinafter referred to as 'commission' to consist of nine (9) persons * * * to be appointed by the governor * * *."

In addition to the nine members appointed by the Governor, the statute provides for two ex officio members of the commission. They are the Attorney General, or his/her designee, and the Director of the Department of Business Regulation, or his designee.

Among the duties of the commission is the establishment and maintenance of the fund established by § 5–20.5–5. This fund may be utilized by any person aggrieved by the conduct of a duly licensed real estate broker or real estate salesman upon the grounds of "fraud, misrepresentation or deceit." Section 5–20.5–5(c)(2) goes on to provide as follows:

"When any aggrieved person recovers a valid judgment in any court of competent jurisdiction against any real estate broker, or real estate salesman, upon the grounds of fraud, misrepresentation, or deceit, which occurred on or after May 11, 1978, the aggrieved person may, upon the termination of all proceedings, including reviews and appeals in connection with the judgment, file a verified claim in the court in which the judgment was entered and, upon ten days' written notice to the commission, may apply to the court for an order directing payment out of the real estate recovery fund, of the amount unpaid upon the judgment, subject to the limitations stated in this section."

There is no question that the Department of Business Regulation had notice of the complaint against Petrucci on July 7, 1980, and also had been given notice of the judgment more than ten days prior to the hearing on the application for an order directing payment. However, counsel for the commission argues that the commission is a separate entity from the department and that notice to the department is not notice to the commission. In fact, the commission argues that the notice of the previous proceedings and the claim for relief against the fund were sent to the department through its real estate section or division and not to the commission.

The trial justice responded to this argument by observing that the Department of Business Regulation was one entity and that notice to the department would be notice to any of its divisions. He further held that it was necessary for the department to establish communication among its component parts. It is interesting to note that an examination of the government telephone listing for the Department of Business Regulation does not include a number or address for the commission, but does include a telephone number for the real estate division (the agency to which plaintiffs sent notice). There is no question that this notice was ultimately routed to an attorney who entered an appearance for the commission. Further, in the most recent edition of the Rhode Island Manual, the only address given for the Department of Business Regulation is 100 North Main Street, Providence. No separate address is given for the Real Estate Commission. The same was true in respect to the 1981–82 Rhode Island Manual in effect when the verified complaint seeking recovery from the fund was filed. Given the statutory framework which created the commission within the Department of Business Regulation and the circumstance that a member of the department actually sits on the commission, the trial justice's findings logically flow from these facts.

We are of the opinion that notice sent by the plaintiffs was substantially in accordance with § 5–20.5–5(c)(2). We are also of the opinion that the administrative complaint filed with the Department of Business Regulation gave the commission actual notice of the grievance filed by the plain-

tiffs prior to the filing of their complaint in the Superior Court. To require that the plaintiffs should have done more in order to establish their entitlement to be reimbursed from the real estate recovery fund would be to exalt form over substance. The trial justice did not err in authorizing a recovery from the fund under the circumstances of this case.

For the reasons stated, the commission's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.